IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATE OF AMERICA,

    Plaintiff,

    v.                                                             Criminal No. 12-01553 WJ

KEVIN JAMES CASAUS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ON GOVERNMENT'S OMNIBUS MOTION IN LIMINE
and
ORDER FOLLOWING PRETRIAL CONFERENCE**

THIS MATTER comes before the Court upon the Government's Omnibus Motion in Limine, filed February 15, 2013 **(Doc. 39)**, following a pretrial conference.  The charges against Defendant arise from the beating of a pretrial detainee, and efforts to cover up that crime, by Defendant Casaus and co-defendants Demetrio Gonzales and Matthew Pendley, all corrections officers at the Metropolitan Detention Center ("MDC").  The assaults on the victim ("C.S") took place in the identification office at MDC and in the shower room area, the latter of which is one of the few areas at MDC that does not have surveillance cameras.

Casaus is the only defendant proceeding to trial.  Count Three of the Indictment charges the Defendant with violating 18 U.S.C. § 242 (Deprivation of Rights) for unjustifiably assaulting C.S., after co-defendant Gonzales left the shower room.  Count Four charges the Defendant with violating 18 U.S.C. § 1512(c)(2) for obstructing justice when he made false statements to state detectives about what had transpired in the shower room regarding the assault on C.S.  Count

Five charges the Defendant with violating 18 U.S.C. § 1519 for falsifying his incident report regarding the use of force on C.S.

The instant motion seeks exclusion of the following evidence: four categories of evidence: (1) reference to potential punishment; (2) evidence of the defendant's good conduct; (3) improper evidence of prior bad acts or contacts with law enforcement by the victim and other prosecution witnesses; and (4) any reference to the government's failure to call equally available witnesses.  The Court heard argument on the following motions.

I.      **Motion to Exclude Reference to Potential Punishment**

The Government moves the Court to exclude all direct or indirect reference to, or evidence of, the sentence that might be imposed if the Defendant is convicted of the offenses charged.   Defendant does not oppose the motion on these grounds, and does not intend to make a reference to potential punishment.  Thus, the motion was DENIED at the hearing as moot on this issue.

II.     **Motion to Exclude Evidence of Defendant's Good Conduct**

The Government seeks to exclude specific instances of Defendant's good conduct, including but not limited to, evidence of awards, commendations, or recognition he has received during his career in law enforcement, on the grounds that such evidence would constitute improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

Character evidence is generally not allowed under Rule 404 of the Federal Rules of Evidence.  Such evidence is admissible under Rule 404(a)(1) only if it relates to a "pertinent" or relevant character trait.   The Government contends that evidence of specific instances of good conduct does not qualify under that provision because the evidence does not relate to a character trait that is "pertinent" or relevant to the criminal charges in this case.   The Government also

contends that such evidence would also be inadmissible under Rule 405(a), which allows evidence only as to the *reputation* of the defendant or a witness's *opinion* of the defendant's pertinent character trait. *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (finding that trial court properly excluded defendant's proffer of specific instances of good character).

      The Government contends that in this case, character evidence offered to prove the general good character of the defendant -- such as effectiveness, attention to duty, commitment to public service, kindness, professionalism, or dedication -- is not admissible because it is not pertinent to the civil rights and obstruction of justice charges against him. See *U.S. v. Washington,* 106 F.3d 983, 999-1000 (D.C.Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was neither "pertinent" to, nor an "essential element" of, bribery, conspiracy, or drug and firearms charges with which he was charged); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because "the traits which they purport to show -- bravery, attention to duty, perhaps community spirit -- were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused").

      Defendant states that he does not expect to elicit testimony concerning his "prior good acts," including awards, commendations or recognition he received during his law enforcement career. However, Defendant would not agree to exclude other relevant evidence or testimony, such as evidence regarding what his usual duties were as a corrections officer, or that he was acting within the scope of his usual duties and activities during the relevant time. The Court finds that such evidence does not come under the category of evidence which is excludable under

Rule 404(a)(1), and such evidence appears to be admissible and relevant. Because Defendant does not appear to oppose the substance of the instant motion, the Court DENIES this motion as moot as well.

### III.   Motion to Exclude Improper Evidence of Prior Conduct and Contact with Law Enforcement by the Victim and Witnesses

The Government seeks to exclude evidence or, or attempt to conduct improper impeachment, by inquiring into inadmissible prior arrests, misdemeanor convictions, or other alleged "bad acts" of C.S. and other witnesses.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Instead, other crimes, wrongs, or acts are admissible only insofar as they are probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id*.   The Government also argues that, that, unless the evidence on which Defendant wishes to rely is a felony conviction or evidence that qualified under Fed.R.Evid. 609(a), prior conduct and prior criminal history (such as prior convictions for DWI's)  is not proper under rule 609 – permits impeachment by evidence of certain past convictions, it does not apply to charged crimes for which there has been no conviction or to misdemeanor convictions that do not include as an element a dishonest act or false statement. See Fed. R. Evid. 609; *United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir. 1989).  Arrests, pending charges and/or warrants that are not probative of truthfulness or untruthfulness also are not admissible.  *See* Fed. R. Evid. 609 and 608(b).

A.   <u>Witness C.S.</u>

The bulk of C.S.' criminal history consists only of DWI-related charges.  The Court notes that C.S.' felony DWI conviction would be admissible under Fed.R.Evid. 609.   At the hearing,

defense counsel represented that he did not plan on going into C.S.' prior DWI convictions, but that he wished to cross-examine C.S. regarding a theory that C.S. received a lesser sentence based on what he said happened during the booking process at MDC.[1]  Defense counsel would advance the theory that C.S.'s description of events that transpired was dishonest or exaggerated with the expectation of receiving a better sentencing deal from the state.   The Court agrees with the Government that this is a speculative venture, and that defense counsel should be limited to asking C.S. whether he received a benefit for his description of the events at issue.  Otherwise, this line of cross-examination could open the door to mini-trials on state sentencing law and the role of state prosecutorial and state judicial sentencing discretion—all of which would be incredibly confusing to the jury.  Such evidence is inadmissible under Rule 403, and thus, the Court will limit defense counsel's questioning of C.S. on this issue to whether he received a benefit.

In his response to the Government's motion, Defendant contends that C.S.' intoxicated stated on the night of the alleged commission of the charged offenses is fair game for cross-examination.  The Court agrees with Defendant.  This evidence is relevant to C.S.' ability to have perceived Defendant's actions on the night in question.  Also in the response, Defendant argues that he should be permitted to cross-examine C.S. on his prior charge of resisting an officer fourteen years ago in order to probe his reliability as a witness.  However, defense counsel withdrew this request at the hearing concerning questioning C.S. on his previous conviction of resisting an officer.

B.     Witness J.A.

---

[1]  The Government inadvertently omitted C.S. from its witness list, and stated at the hearing that it intends to call him as a witness.   Defendant has no objection.

J.S. was a trustee inmate at MDC who had responsibility for cleaning various parts of the jail. Defendant may have some questions for J.S., but states that he will seek a preliminary ruling from the Court outside the present of the jury. Thus, the Court defers ruling on this issue.

C.  Witnesses P.S. and M.M.

The Government wishes to exclude evidence of prior arrests or convictions of the two other corrections officers, P.S. and M.M. who were arrested on state charges alongside Defendant and his co-defendants. Those charges were later dismissed, and thus the Government contends that there is no basis for the admission of this evidence at trial. P.S. and M.M. were both present when co-Defendant Gonzales allegedly beat C.S. in the shower area, but neither participated in the beating, nor failed to intervene when there was an opportunity to do so. Defendant responded that evidence of the state charges related to P.S. and M.M. are relevant to show their motive and bias as witnesses against him.

At the hearing, the parties advised the Court that they have agreed on the areas of questioning to be allowed, including whether the witnesses had been arrested, charged, and whether they were offered any benefit from the federal government. Thus, the Government's motion is denied as moot, based on the parties' resolution of the matter.

## IV. Motion to Prohibit Defendant from Referring to the Government's Failure to Call Equally Available Witnesses

The United States moves the Court for an order prohibiting the defendant from making reference to, or arguments about, the government's failure to call a witness that was equally available to both parties. *See United States v. Hoenscheidt,* 7 F.3d 1528, 1531 (10th Cir. 1993) (a party may comment on the other party's failure to call a witness only if the witness was "peculiarly available" to the other side). Defendant takes no position on the Government's

request. This part of the Government's motion appears to be moot at this point, as it seems that the witness at issue is C.S., whom the Government does intend to call as a witness.

## V.  VOIR DIRE AND OPENING STATEMENTS

Parties shall have ten (10) minutes for voir dire, and twenty (20) minutes for opening statements.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE